UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT MICHAEL KALTHOFF, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> DOUGLAS COUNTY, a political subdivision of the State of Nevada, <br><br> Defendant. | Case No. 3:21-cv-00293-RCJ-CLB <br><br> **ORDER** |

In 2005, Douglas County began to regulate vacation home rentals ("VHR") by ordinance, requiring VHR owners to register, acquire a permit, renew the permit annually, and pay taxes and permitting fees. On June 3, 2021, Douglas County Board of Commissioners adopted a new version of the ordinance, Ordinance Number 2021-1582, that was set to take effect on July 15, 2021 ("July 15 Ordinance"). (ECF No. 3 Ex. 2.) On July 8, 2021, Plaintiffs, who are either VHR owners or managers, initiated this case claiming the July 15 Ordinance, if implemented, contained constitutional violations that negatively impacted their livelihoods, businesses, and properties. They moved for a temporary restraining order preventing the July 15 Ordinance from taking effect. The Court granted the motion in part by issuing an order temporarily restraining certain provisions

of the July 15 Ordinance from taking effect but allowing for the remainder of the July 15 Ordinance to become effective as scheduled. (ECF No. 14.)

On September 16, 2021, the Defendant's Board of County Commissioners ("BOCC") proposed and adopted a new version of the regulatory scheme, Ordinance Number 2021-1588, which took effect that day ("September 16 Ordinance"). Douglas County Codes, *Effective Date*, https://dcnvda.org/CountyCodes.aspx (last visited October 5, 2021) ("The last ordinance included is Ordinance No. 2021-1588 passed September 16, 2021."). Based upon these changes, Plaintiffs move to amend their Complaint. (ECF No. 22.) They seek to add demands for money damages, remove some claims, and to add two claims. Defendants oppose the additional claims as futile. As amendment should be freely given, the Court allows the amendment in full.

Presently, the parties have filed briefs in blind addressing whether the Court should issue a preliminary injunction. The Court held a hearing on this motion on February 16, 2022. Considering all of the evidence and argumentation before this Court adduced in the briefs and the hearing, the Court grants the requested preliminary injunction in part.[1]

## MOTION FOR LEAVE TO AMEND THE COMPLAINT

The Court will first address the motion for leave to amend. A court should "freely give" leave to amend when there is no "undue delay, bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Plaintiffs seek to add a demand for money damages, add two causes of action, and remove two causes of action. They move to drop their claims for Freedom of Association and their claim

---

[1] Plaintiffs have also filed a motion for sanctions claiming that Defendant acted in bad faith by failing to send someone with authority to settle for a settlement conference and then failing to accept the tentative agreement at the following board meeting. (ECF No. 42.) The Court fails to find that Defendant acted in bad faith. The agreement was tentative and could only bind the county through adoption at the meeting. The Court therefore denies the motion.

pursuant to Nev. Rev. Stat. § 244.146 and add two causes of action: (1) a procedural due process cause of action under the U.S. Constitution and the Nevada Constitution, claiming the new ordinance impermissibly applies retroactively and (2) a takings clause cause of action under the U.S. Constitution, claiming the new ordinance deprives them of property without just compensation. Defendant only opposes the modification of the complaint in that it adds new causes of action, which it claims are fatally defective such that their addition would be futile. "The standard for futility is whether the proposed amended complaint states a claim upon which relief may be granted, which is . . . the same standard that is utilized in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." *Warren v. Nevada Dep't of Corr.*, 3:17-cv-00228-MMD-WGC, 2019 WL 11093580, at *1 (D. Nev. Sept. 5, 2019).

Turning to the procedural due process claim, Plaintiffs assert retroactive applications of the ordinance in the following alleged ways: some Plaintiffs will not be able to renew their existing permits and Plaintiffs' pending permit applications are being processed by requirements of the September 16 Ordinance even though they were submitted prior to that date. Defendant argues its application of the September 16 Ordinance to the existing permits and permit applications is not retroactive.

Under federal law, a statute is retroactive if it "takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already past." *Landgraf v. USI Film Prod.*, 511 U.S. 244, 269 (1994) (quoting *Soc'y for the Propagation of the Gospel v. Wheeler*, 22 F. Cas. 756, 767 (C.C.D.N.H. 1814)). "A statute does not operate 'retrospectively' merely because it is applied in a case arising from conduct antedating the statute's enactment or upsets expectations based in prior law." *Id.* (internal citation omitted.) Nevada has adopted the same standard for whether a statute is

retroactive. *Pub. Employees' Benefits Program v. Las Vegas Metro. Police Dep't*, 179 P.3d 542, 553 (Nev. 2008).

Under the previous ordinance effective from 2018 to July 15, 2021 ("2018 Ordinance"), a permit was "valid for one calendar year and may [have been] renewed, by the payment of an annual renewal fee, established by resolution of the board only if there have been no changes which would affect the conditions of the permit." § 20.622.080. Currently, the September 16 Ordinance provides additional limitations on whether new permits may be granted and renewed. For example, the September 16 Ordinance prohibits a single family from owning more than one permit and prohibits business entities from owning any permits. § 20.622.030(E)(1, 3).[2] According to the proposed amended complaint, these restrictions will prevent Plaintiff Thulin and his wholly owned corporation, Plaintiff Jetco Industries Co., from renewing the five permits that he has—indeed he already was incapable of renewing one and lost it. (ECF No. 22 Ex. 1 ¶ 41.) Additionally, Plaintiffs Sean Ward and Zorka Aguilar claim that their permit applications, which they filed months before the ordinance changes, are being analyzed under the September 16 Ordinance criteria. (*Id.* ¶ 42.)

With all inferences drawn in Plaintiffs' favor for this analysis, the Court finds that Plaintiffs may be able to claim vested rights in their current permits and permit applications. The Court therefore allows this claim to proceed at this early stage.

The Court now turns to Plaintiffs' proposed takings claim. The Ninth Circuit employs a "two-step analysis to determine whether a constitutional 'taking' has occurred." *Bowers v. Whitman*, 671 F.3d 905, 912 (9th Cir. 2012). First, "whether the subject matter is 'property' within the meaning of the Fifth Amendment." *Id.* Second, "whether there has been a taking of that

---

[2] The prohibition on corporations owning permits is only on granting new permits, but existing permits will be renewed. § 20.622.030(E)(3). The prohibition against owning multiple permits, however, does not contain that exception and will not allow for new permits or renewals of multiple permits. § 20.622.030(E)(1).

property, for which compensation is due." *Id.* A complete deprivation of the property is not required; rather a substantial limitation on the usage of property may, in rare circumstances, constitute a taking. *Penn Cent. Transp. Co. v. City of New York*, 438 U.S. 104, 124 (1978). Courts look at three factors to determine whether a non-categorical taking occurred: (1) "[t]he economic impact of the regulation on the claimant," (2) "the extent to which the regulation has interfered with distinct investment-backed expectations," and (3) "the character of the governmental action." *Id.* Courts apply these factors "to determine whether a regulatory action is functionally equivalent to the classic taking." *Guggenheim v. City of Goleta*, 638 F.3d 1111, 1120 (9th Cir. 2010) (en banc). "The first and second *Penn Central* factors are the primary factors." *Bridge Aina Le'a, LLC v. Land Use Comm'n*, 950 F.3d 610, 630 (9th Cir. 2020).

Again, as the Court presently takes all inferences in Plaintiffs' favor, it also allows their claim of takings to proceed. The Court takes Plaintiff Thulin and his corporation as an example, which is the strongest case for a taking in the proposed complaint. The complaint alleges that Plaintiff Thulin and his corporation own five VHRs with permits that "are high end, large, and frequently used for family reunions." (ECF No. 22 Ex. 1 ¶ 41.) Plaintiffs allege that he stands to lose millions of dollars in rental revenues. (*Id.*) They further allege he may be forced to sell the properties at a decreased market value. (*Id.* ¶ 43.)

For the first factor, Plaintiffs have alleged a substantial loss in value to their properties, which this Court must accept and infer to be a great part of the value Plaintiffs invested. As such, the Court finds that this factor favors granting the motion. The Court, however, notes this will be a high showing going forward as the Ninth Circuit has stated, "[W]e have observed that diminution in property value because of governmental regulation ranging from 75% to 92.5% does not constitute a taking." *Colony Cove Properties, LLC v. City of Carson*, 888 F.3d 445, 451 (9th Cir.

1  2018) (concluding that an asserted loss of 24.8% of value was "far too small to establish a regulatory taking").

Turning to the second factor, this cuts against Plaintiffs. They admit that Defendant was already regulating the VHRs in the county. "[T]hose who do business in the regulated field cannot object if the legislative scheme is buttressed by subsequent amendments to achieve the legislative end." *Concrete Pipe & Prod. of California, Inc. v. Constr. Laborers Pension Tr. for S. California*, 508 U.S. 602, 645 (1993) (quoting *FHA v. The Darlington, Inc.*, 358 U.S. 84, 91 (1958)). Plaintiffs' reasonable expectations therefore are heavily undermined by the fact they knew this was a regulated business in Douglas County, wherein they needed to apply and renew their permits.

Considering these factors, the Court finds that Plaintiffs have stated a colorable takings claim. As such, the Court disagrees with Defendant's objections and allows Plaintiffs to add the two new claims, granting Plaintiffs' motion for leave to amend in full.

## MOTION FOR PRELIMINARY INJUNCTION

The Court now turns to Plaintiffs' motion for a preliminary injunction. Based upon the hearing and briefing, the Court largely reaffirms its temporary restraining order. The only digression is that, after further review, the Court agrees with Defendant that the composition of the VHR Advisory Board was not a due process violation. There is "a presumption of honesty and integrity in those serving as adjudicators." *Withrow v. Larkin*, 421 U.S. 35, 47 (1975). Plaintiffs' argument the board would be impermissibly biased because a member does not hold a VHR permit is not sufficient to overcome this presumption. The Court hereby reinstitutes the remaining three restrictions it placed upon Defendant in the temporary restraining order.

///

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that Plaintiffs' Motion for Leave to Amend (ECF No. 22) is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs' First Amended Complaint (ECF No. 22-1) shall be filed.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Preliminary Injunction (ECF No. 3) is GRANTED IN PART and DENIED IN PART.

IT IS FURTHER ORDERED that Defendant shall be preliminarily enjoined from compelling Plaintiffs from posting a notice, which states, "The occupants of a vacation rental home must make the property available for inspection at all times by the Community Development Director or a designee, the Sheriff's Office or the Code Enforcement Officer on a request made by any of these officials."

IT IS FURTHER ORDERED that Defendant shall be preliminarily enjoined from imposing a fine of greater than $5,000 for a single violation. Any violation that is currently punishable with a fine greater than $5,000 shall be limited to $5,000.

IT IS FURTHER ORDERED that Defendant shall be preliminary enjoined from imposing an occupancy limit on the vacation home rentals of four people per parking spot.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Sanctions (ECF No. 42) is DENIED.

IT IS SO ORDERED.

Dated February 22, 2022.

_____
ROBERT C. JONES
United States District Judge